1  Peter H. Klee, State Bar No. 111707
2  John T. Brooks, State Bar No. 167793
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  600 West Broadway, Suite 2600
   San Diego, California 92101-3372
4  Telephone No.: 619.236.1414
   Fax No.: 619.232.8311

5  Attorneys for Plaintiff TRAVELERS PROPERTY AND CASUALTY COMPANY
   OF AMERICA

**FILED**
08 JUL 30 PM 3:18
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:           DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut insurance company,<br><br>Plaintiff,<br><br>v.<br><br>TRI-UNION SEAFOODS, LLC, a California limited liability company, and TRI-UNION FROZEN FOOD PRODUCTS, LLC, a California limited liability company, THAI UNION INTERNATIONAL, INC., a California corporation, EMPRESS INTERNATIONAL, LTD., a California limited company, EMPRESS INTERNATIONAL, LTD. D/B/A CHICKEN OF THE SEA FROZEN FOODS, a California limited company, EMPRESS INTERNATIONAL OF CALIFORNIA, LTD., a California limited company, and DIVERSIFIED PRODUCTS, LLC, a California limited liability company,<br><br>Defendants. | Case No. '08 CV 1382 W RBB<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**28 U.S.C. § 2201** |

Plaintiff, by and through its undersigned counsel, alleges as follows:

## BACKGROUND ALLEGATIONS

1. Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (hereinafter "PLAINTIFF") is a corporation organized under the laws of the State of Connecticut, is authorized to transact business in California and does business in this Judicial District.

2. On information and belief, defendant TRI-UNION SEAFOODS, LLC (hereinafter "TRI-UNION SEAFOODS") is a California limited liability company that does business in and has its principal place of business in this Judicial District.

3. On information and belief, defendant TRI-UNION FROZEN FOOD PRODUCTS, LLC (hereinafter "TRI-UNION FROZEN FOODS") is a California limited liability company that does business in this Judicial District.

4. On information and belief, defendant THAI UNION INTERNATIONAL, INC. (hereinafter "THAI UNION") is a California corporation that does business in and has its principal place of business in this Judicial District.

5. On information and belief, defendants EMPRESS INTERNATIONAL, LTD., and EMPRESS INTERNATIONAL, LTD. D/B/A CHICKEN OF THE SEA FROZEN FOODS (hereinafter "EMPRESS INTERNATIONAL") are Delaware companies that do business in and have their principal place of business in this Judicial District.

6. On information and belief, defendant EMPRESS INTERNATIONAL OF CALIFORNIA, LTD. (hereinafter "EMPRESS OF CALIFORNIA") has its business address in Lake Success, New York, is registered with the California Secretary of State, and does business in this Judicial District.

7. On information and belief, defendant DIVERSIFIED FOOD PRODUCTS, LLC (hereinafter "DIVERSIFIED FOOD PRODUCTS") is a California limited liability company that does business in this Judicial District.

## JURISDICTION AND VENUE

8. This Court has subject matter over this action under 28 U.S.C. section 1332(a)(1). There is complete diversity of citizenship between PLAINTIFF and all defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over defendants.

10. Venue is proper under 28 U.S.C. section 1391(a)(1) because defendants reside in this District and in the State of California.

## FACTUAL ALLEGATIONS

### The First Policy

11. On or about November 5, 2005, PLAINTIFF issued Commercial Insurance Policy number 660-4788A28 to defendant TRI-UNION SEAFOODS effective November 15, 2005 to November 15, 2006 (hereinafter the "FIRST POLICY").

### The Second Policy

12. On or about May 15, 2006, PLAINTIFF issued Commercial Insurance Policy number 630-5069C598 to defendant TRI-UNION FROZEN FOODS effective May 9, 2006 to May 9, 2007 (hereinafter the "SECOND POLICY").

### The Umbrella Policy

13. On or about May 12, 2006, PLAINTIFF issued Commercial Excess Liability (Umbrella) Insurance Policy number CUP -5069C598 to defendant TRI-UNION FROZEN FOODS effective May 9, 2006 to May 9, 2007 (hereinafter the "UMBRELLA POLICY").

### The Underlying Action

14. On or about February 7, 2006, Contessa Premium Foods, Inc. filed complaint number BC347105 in Los Angeles County Superior Court and, on or about January 23, 2007, Contessa filed a first amended complaint (collectively hereinafter the "UNDERLYING ACTION").

15. The operative complaint in the UNDERLYING ACTION names, inter alia, TRI-UNION SEAFOODS, TRI-UNION FROZEN FOODS, THAI UNION, EMPRESS INTERNATIONAL, EMPRESS OF CALIFORNIA, and DIVERSIFIED FOOD PRODUCTS as defendants. The operative complaint in the UNDERLYING ACTION alleges causes of action for misappropriation of trade secrets, violation of Business and Professions Code section 17200, fraud, intentional interference with prospective economic advantage, and unjust enrichment against TRI-UNION SEAFOODS and TRI-UNION FROZEN FOODS.

16. Defendants TRI-UNION SEAFOODS, TRI-UNION FROZEN FOODS, THAI UNION, EMPRESS INTERNATIONAL, EMPRESS OF CALIFORNIA, and DIVERSIFIED FOOD PRODUCTS (hereinafter "DEFENDANTS") made a claim to PLAINTIFF for defense and indemnity against the UNDERLYING ACTION under the FIRST, SECOND, and/or UMBRELLA POLICIES. PLAINTIFF assigned the claim number ABL3474 (hereinafter the "CLAIM").

17. On May 20, 2008, DEFENDANTS forwarded to PLAINTIFF discovery responses from Contessa, which they claimed indicated a potential for coverage under PLAINTIFF's insurance policies. On July 2, 2008, PLAINTIFF agreed by letter to defend against the UNDERLYING ACTION effective May 20, 2008, subject to a reservation of rights, including the right to apply the rate limitations set forth in California Code of Civil Procedure § 2860.

18. DEFENDANTS contend that PLAINTIFF had a duty to assume the defense of the UNDERLYING ACTION before May 20, 2008. PLAINTIFF disputes these contentions and contends that it had no duty to defend prior to May 20, 2008. A true and correct copy of PLAINTIFF's July 2, 2008 letter is attached hereto as Exhibit A and incorporated by this reference.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

**(The Nature And Extent Of Any Duty To Defend Under The FIRST POLICY)**

19. PLAINTIFF refers to, and incorporates as if fully set forth herein, the allegations in paragraphs 1-18 above.

20. An actual controversy has arisen between PLAINTIFF and DEFENDANTS as to the extent of any duty to defend that PLAINTIFF may owe under the FIRST POLICY in connection with the UNDERLYING ACTION. This includes, but is not limited to, an actual controversy as to whether PLAINTIFF owed any defense obligation before May 20, 2008.

21. An actual controversy also exists under the FIRST POLICY regarding the defense fees that PLAINTIFF has agreed to pay to DEFENDANTS subject to a reservation of rights. PLAINTIFF contends that the rates of DEFENDANTS' attorneys are subject to the limitations set forth in California Civil Code Section 2860. DEFENDANTS contend that the rates are not subject to those limitations.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

**(The Nature And Extent Of Any Duty To Defend Under The SECOND POLICY)**

22. PLAINTIFF refers to, and incorporates as if fully set forth herein, the allegations in paragraphs 1-18 above.

23. An actual controversy has arisen between PLAINTIFF and DEFENDANTS as to the extent of any duty to defend that PLAINTIFF may owe under the SECOND POLICY in connection with the UNDERLYING ACTION. This includes, but is not limited to, an actual controversy as to whether PLAINTIFF owed any defense obligation before May 20, 2008.

24. An actual controversy also exists under the SECOND POLICY regarding the defense fees that PLAINTIFF has agreed to pay to DEFENDANTS subject to a reservation of rights. PLAINTIFF contends that the rates of DEFENDANTS' attorneys are subject to the limitations set forth in California Civil

Code Section 2860. DEFENDANTS contend that the rates are not subject to those limitations.

### THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF

(The Nature And Extent Of Any Duty To Defend Under The UMBRELLA POLICY)

25. PLAINTIFF refers to, and incorporates as if fully set forth herein, the allegations in paragraphs 1-22 above.

26. An actual controversy has arisen between PLAINTIFF and DEFENDANTS as to the extent of any duty to defend that PLAINTIFF may owe under the UMBRELLA POLICY in connection with the UNDERLYING ACTION. This includes, but is not limited to, an actual controversy as to whether PLAINTIFF owed any defense obligation before May 20, 2008.

WHEREFORE, PLAINTIFF requests and prays as follows:

1. For a judgment declaring the extent of any duty to defend that PLAINTIFF may owe to DEFENDANTS, specifically including a judgment that PLAINTIFF owed no defense obligation before May 20, 2008;

2. For a judgment declaring that, with respect to the defense fees that PLAINTIFF has agreed to pay to DEFENDANTS subject to a reservation of rights, the rates of DEFENDANTS' attorneys are subject to the limitations set forth in California Civil Code Section 2860.

3. For costs of suit;

4. For such other relief as the Court deems just and proper.

DATED: July 29, 2008          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
John T. Brooks
Attorneys for Plaintiff TRAVELERS
PROPERTY CASUALTY COMPANY OF
AMERICA

101106664.2

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

      # 153499      - TC

         July 30, 2008
           15:18:56


        Civ Fil Non-Pris
Amount.:              $350.00 CK
Check#.: BC40554



    Total-> $350.00


FROM: TRAVELERS PROPERTY CASUAL
      VS
      TRI UNION SEAFOODS
```

§JS 44 (Rev. 11/04)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

**DEFENDANTS**
TRI-UNION SEAFOODS, LLC, et al.

**FILED**
08 JUL 30 PM 3:18
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

'08 CV 1382 W RBB

(b) County of Residence of First Listed Plaintiff **Hartford County, CT**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **San Diego County, CA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Peter H. Klee, Esq., SBN 111707    (619) 236-1414
John T. Brooks, Esq. SBN 167793
LUCE FORWARD HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, CA 92101

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §2201

Brief description of cause:
Declaratory relief under 28 U.S.C. §2201; amount in controversy exceeds $75,000

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Declaratory Relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE July 29, 2008

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**
RECEIPT # 153499  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

TAC 7/30/08

American LegalNet, Inc.
www.USCourtForms.com

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b.) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example:  U.S. Civil Statute: <u>47 USC 553</u>
                                                           Brief Description: <u>Unauthorized reception of cable service</u>

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc. | www.USCourtForms.com